UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

LEANDER L. JOHNSON,               )
                                  )
         Plaintiff,               )
                                  )
v.                                )     NO. 1:05-CV-234
                                  )
HAMILTON COUNTY SHERIFF'S,        )
DEP'T, C/O SHERIFF JOHN CUPP, and )
MEDICAL DEP'T OF THE HAMILTON     )
COUNTY SHERIFF'S DEP'T,           )
                                  )
         Defendants.              )

## MEMORANDUM and ORDER

Leander L. Johnson, a prisoner now housed in the Silverdale Detention Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging he was denied medical care for a foot problem while he was confined at the Hamilton County Jail.[1] The plaintiff is **ASSESSED** the civil filing fee of $250.00 under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly deposits
           to the plaintiff's inmate trust account;

  or

    (b)    twenty percent (20%) of the average monthly balance
           in his inmate trust account for the six-month period

---

[1] He also indicated, in his application for pauper status, he intended to offer claims based on violations of specific sections of Tennessee's statutory law. However, no such claims were raised in the complaint and, obviously, claims not raised in the pleading have not been addressed in this memorandum and order.

preceding the filing of the complaint on August 2, 2005.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 has been paid to the Clerk's Office.[2] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the facility where the plaintiff is confined, to ensure compliance with the above fee-assessment procedures.

In the complaint, the plaintiff makes the allegations which follow. When the plaintiff arrived at the Hamilton County Jail on May 26, 2005, he informed the arresting officer he needed medical attention for a peeling and itching foot. The officer disagreed. The plaintiff spoke with nurses and medical care providers in the next four to five days about his problem. His foot became swollen and red from infection, but he did not get to see a doctor until three or four days after that happened. For the pain and suffering he endured as a result of the negligence described above, he asks for compensatory damages in the sum of $5,500,000.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and

---

[2] Send the payments to: Clerk's Office, USDC
P.O. Box 591
Chattanooga, TN 37401.

2

show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). The plaintiff has not attached a copy of any of his grievances or specifically described the nature of the grievances, *see id.*, but describes the facts presented in the grievances only as "this issue." Thus, it is unclear, based on the plaintiff's allegations in ¶ 2 and ¶ 4 of his complaint, whether he has administratively exhausted his claims through the institutional grievance system. Nevertheless, where a prisoner's contentions do not state a claim in the first place, he need not exhaust them. *Brown*, 139 F.3d at 1104. This is the situation here.

Deliberate indifference to the serious medical needs of prisoners constitutes an unnecessary and wanton infliction of pain and, therefore, a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, a prisoner whose claims are based on a theory of medical negligence has not stated a recognizable claim under § 1983 because medical negligence is not a constitutional violation. *Id.* at 106.

In this case, by the plaintiff's own allegations, he consulted with nurses and medical staff members in response to his complaint about his foot. He also saw a doctor. His contentions that the medical staff members treated him with "negligence" [Compl. at ¶ V], would not state a claim for deliberate indifference, but, as the plaintiff himself implicitly recognizes, would comprise a claim for medical negligence. Thus, because the questioned conduct cannot be said to constitute an unnecessary and wanton infliction of pain, the court concludes that the allegations regarding such conduct do not state a valid claim under the Eighth Amendment. *Id.* at 105-06.

In addition, to the extent the plaintiff is seeking to assert a claim for delay of medical treatment, he must show such a delay had a detrimental effect on a non-obvious condition which was

3

sufficiently serious as to rise to the level of a constitutional violation. *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir.2001). Here, the plaintiff has not presented any "verifying medical evidence" to show how the delay adversely affected his condition. *Id.* In fact, he has not even identified his medical condition or specified what, if any, treatment he received for his foot. Therefore, he has not stated a delay-of-treatment claim either.

Accordingly, for the reasons discussed above, this action will be dismissed for failure to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A.

A separate order of dismissal will enter.

**ENTER**:

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**
